```
          IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF KANSAS
```

**LESTER DEWAYNE THOMAS,**

                    **Plaintiff,**

      v.                                                    **CASE NO. 19-3255-SAC**

**LAURA HOWARD, et al.,**

                    **Defendants.**

## MEMORANDUM AND ORDER TO SHOW CAUSE

This matter is a complaint filed by a person held at the Larned State Hospital under civil commitment and undergoing treatment in the Sexual Predator Treatment Program (SPTP). Plaintiff proceeds pro se, and the court grants leave to proceed in forma pauperis.

### Nature of the complaint

The complaint alleges that on September 16, 2019, defendant Jackie Looughbridge, a nurse, pulled plaintiff's wrist and arm through the food pass in his cell door.

Plaintiff claims that Ms. Looughbridge "clawed" at his arm and continued "poking" him with a foreign object or a pen. He claims she used her body weight to press against the food pass door; he also claims she used a chair to wedge under the food pass.

Plaintiff also names Laura Howard, Secretary of the Kansas Department of Aging and Disability, as a defendant.

Plaintiff seeks unspecified damages and asks that defendant Looughbridge be terminated from her position.

### Screening standards

In screening a complaint, a court liberally construes pleadings filed by a party proceeding pro se and applies "less stringent

standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). To allege a valid claim under 42 U.S.C. § 1983, a plaintiff must assert the denial of a right, privilege or immunity secured by the United States Constitution or federal law, committed by a person acting under color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988); *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 150 (1970).

To avoid a dismissal for failure to state a claim, a complaint must set out factual allegations that "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The court accepts the well-pleaded allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *Id*. However, "when the allegations in a complaint, however true, could not raise a [plausible] claim of entitlement to relief," the matter should be dismissed. *Id*. at 558. A court need not accept "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rather, "to state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

The Tenth Circuit has observed that the U.S. Supreme Court's decisions in *Twombly* and *Erickson* set out a new standard of review for dismissals under 28 U.S.C. § 1915(e)(2)(B)(ii). *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007)(citations omitted). Following those decisions, courts "look to the specific allegations in the

complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (quotation marks and internal citations omitted). A plaintiff "must nudge his claims across the line from conceivable to plausible." *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). In this context, "plausible" refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [the] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008)(citing *Twombly*, 550 U.S. at 1974).

### Discussion

The court has examined the complaint and attachments and has identified certain deficiencies in the complaint.

First, plaintiff's claim against defendant Howard, the Secretary of the Department of Aging and Disability, broadly asserts that she is responsible for his care and treatment and for the facility employees. This claim is subject to dismissal. If plaintiff's damages claim is construed as a claim against Secretary Howard in her official capacity, the claim is barred by the Eleventh Amendment. *See Kentucky v. Graham*, 473 U.S. 159, 169 (1985) (holding that an action against an individual acting in an official capacity is properly treated as a suit against the State itself and that "the Eleventh Amendment bars a damages action against a State in federal court"); *White v. Colorado*, 82 F.3d 364, 366 (10th Cir. 1996) (stating that Eleventh Amendment sovereign immunity bars §1983 claims for money damages against prison officials in their official capacities).

If, however, the claim against defendant Howard is construed as

a claim against her in her individual capacity, the claim remains subject to dismissal because the complaint identifies no personal participation by her. Individual liability in an action under § 1983 requires a showing of the defendant's personal participation in the alleged constitutional violation. *See Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008) ("Individual liability under § 1983 must be based on personal involvement in the alleged constitutional violation.").

Next, the plaintiff's claims against defendant Looughbridge appear to arise from an incident in which plaintiff was undergoing a blood pressure check. The complaint describes a struggle between plaintiff and the defendant on September 16, 2019, in which the defendant "pulled my right wrist and arm through the food-pass opening on my room door….Defendant then clawed at my left arm poking me with a foreign object and or pen, she continued to press her weight up against the metal food pass door smashing my wrist and arm as I asked her repeatedly 5 to 6 time not to touch and grab my wrist and arms." He states the defendant then directed a racial slur at him and "turned half-way to grab a chair that was behind her, grabbing my left wrist then wedging it up under the food pass smashing my arm." (Doc. 1, p.4.).

Plaintiff's grievance, filed on September 17, 2019, provides additional details:

> On 9-16-19 I was attempting to get my blood pressure checked when Nurse Jackie yanked on the cord grabbed my arm and began pulling the cord which I noticed was stuck/wedged in corner of my food-pass by hinge area. I repeatedly told her to quit grabbing and pulling my hand and arm. I still have blood pressure wrap around my arm. She then cut and or scratched me several areas on my right arm. She cut my right pinky finger. She then got a chair and wedged it under the food pass and began pushing it up on my arm as I was trying to move back. (Doc. 1-2, pp. 3-4.).

To the extent plaintiff alleges defendant Looughbridge subjected him to cruel and unusual punishment, his claim is subject to dismissal. The Eighth Amendment's prohibition of cruel and unusual punishment applies only to convicted inmates. *Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 809 (10th Cir. 1999) ("The Eighth Amendment, which applies to the States through the Due Process Clause of the Fourteenth Amendment, prohibits the infliction of cruel and unusual punishments on those convicted of crimes."); *see also Whitley v. Albers*, 475 U.S. 312, 318-19 (1986) ("The Cruel and Unusual Punishments Clause was designed to protect those convicted of crimes, and consequently the Clause applies only after the State has complied with the constitutional guarantees traditionally associated with criminal prosecutions."). Plaintiff is now under civil commitment, and the Eighth Amendment does not apply.

Plaintiff's claim against defendant Looughbridge instead sounds in negligence. However, Section 1983 does not impose liability for violations of duties of care arising out of state tort law. *DeShaney v. Winnebago County DSS,* 489 U.S. 189, 201–03 (1989). A state tort claim of negligence by a state actor causing injury to a plaintiff does not violate the United States Constitution. *Daniels v. Williams,* 474 U.S. 327 (1986)(holding that inmate who slipped on a pillow negligently left on a stairway by sheriff's deputy failed to allege a constitutional violation); *see also Medina v. City and County of Denver,* 960 F.2d 1493, 1500 (10th Cir.1992) ("negligence and gross negligence do not give rise to section 1983 liability").

Accordingly, plaintiff's claim does not state a ground for relief arising from a constitutional violation.

### Order to Show Cause

For the reasons set forth, the court directs plaintiff to show cause why this matter should not be dismissed for failure to state a claim for relief. The failure to file a timely response may result in the dismissal of this matter without additional notice.

IT IS, THEREFORE, BY THE COURT ORDERED plaintiff's motion to proceed in forma pauperis (Doc. 3) is granted.

IT IS FURTHER ORDERED plaintiff is granted to and including **January 10, 2022,** to show cause why this matter should not be dismissed for failure to state a claim for relief.

**IT IS SO ORDERED.**

DATED:  This 8th day of December, 2021, at Topeka, Kansas.

S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge